UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| TYRONE HUNT, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 13-cv-11324 |
| | * | |
| HON. COLLEEN KOLLAR-KOTELLY, | * | |
| United States District Court for the District | * | |
| Of Columbia, | * | |
| | * | |
| Defendant. | * | |

ORDER

November 21, 2019

TALWANI, D.J.

On November 13, 2019, Plaintiff Tyrone Hunt filed a Motion for an Extension of Time to File Amended Notice of Appeal and Motion to Appoint Counsel [#10]. For the reasons stated below, Plaintiff's motion is DENIED.

\* \* \*

On June 20, 2013, the district court dismissed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) and enjoined Plaintiff from filing any subsequent pleadings in this action and from making any other filings in this court, except to effect an appeal of the restrictive filing injunction, without first obtaining written approval of a judge in this court. On June 21, 2013, the court issued an Order of Dismissal [#5].

On July 8, 2013, Plaintiff filed a Notice of Appeal [#6]. The First Circuit ultimately dismissed Plaintiff's appeal for failure to pay the filing fees, see Judgment [#8], and issued its mandate, see Mandate [#9], thereby terminating all proceedings in this matter.

Now, six years later, Plaintiff moves for an extension of time to file an amended notice of appeal. See Pl.'s Mot. [#10].[1]

Except in certain circumstances not implicated here, a notice of appeal must be filed within 30 days after entry of the judgment or order appealed from. Fed. R. App. P. 4(a)(1); 28 U.S.C. § 2107(a). There are limited circumstances that allow for the filing of a notice of appeal after this deadline has expired. Under Federal Rule of Appellate Procedure 4(a)(5), the court may extend the time to file a notice of appeal, but only if that request is made within 30 days after the initial 30-day-period expires and the party seeking the extension shows excusable neglect or good cause. Alternatively, under Federal Rule of Appellate Procedure 4(a)(6), the court may reopen the time to file an appeal, but only if the court finds the party seeking to reopen did not receive timely notice of the entry of the judgment or order sought to be appealed, and the motion is filed within 180 days after the judgment or order is entered, or within 14 days after the moving party receives notice, whichever is earlier, and that no party would be prejudiced.

Here, neither avenue for extending the 30-day-period is available to Plaintiff since more than six years have passed since the time for filing an appeal. Thus, the court does not reach whether there was a showing of good cause, a lack of notice (though notice is evidenced by Plaintiff's prior Notice of Appeal), or prejudice.

Accordingly, Plaintiff's Motion [#10] is DENIED.

IT IS SO ORDERED.

November 21, 2019

/s/ Indira Talwani
United States District Judge

---

[1] Plaintiff also seeks appointment of counsel but that request is precluded by the injunction against further filings in this case. If considered on the merits, the request in this closed case would be denied.